IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN HEBERLE, individually and ) <br> On behalf of others similar situated, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> -v- ) <br>  ) <br> JULIAN SPENCE a/k/a ) <br> JUVANE BRYAN SPENCE, ) <br>  ) <br> Defendant. ) | Case No. 18 CV 2288 <br><br> Judge Alonso |

## JUDGMENT ORDER

Plaintiffs filed their complaint on March 29, 2018 (the "Complaint"). See Docket No. 1 The Complaint alleges four causes of action arising from Defendant's scheme involving a fake cryptocurrency and "Initial Coin Offering." These counts are: (a) violation of Section 10(b) of the Exchange Act; (b) common law fraud; (c) breach of contract; and (d) rescission of contract. In accordance with Rule 4(e) Plaintiff caused a copy of the original summons and Complaint in this matter to be personally served upon Defendant on July 19, 2018. See Docket No. 10.

Defendant has hereinbefore failed to file his appearance and respond to the Complaint. Accordingly, an order of default was entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to Defendant upon Plaintiff's oral motion on September 27, 2018. See Docket No.17. Plaintiff has now moved for entry of a default judgment on all counts of the Complaint against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure

Default judgment against Defendant is hereby granted, and

**IT IS THEREFORE ORDERED, ADJUGED AND DECREED** as follows:

1

1. The Court has jurisdiction over the subject matter of this case and the parties hereto pursuant to 28 U.S.C. §1331 and §27 of the 1934 Act (15 U.S.C. §78aa). This Court also has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a);

2. Venue is proper pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant;

3. Defendant was served with the Complaint and Summons required by Rule 4(e) and 4(h) of the Federal Rules of Civil Procedure on July 19, 2018;

4. Defendant has hereinbefore failed to appear or otherwise respond to the Complaint;

5. An order of default was entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to Defendant upon Plaintiff's oral motion on September 27, 2018, and Plaintiff is therefore entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure;

6. Accordingly, the Court now finds that in connection with the sale of a security, Defendant violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by employing material misstatements of fact in connection therewith;

7. The Court further finds that Defendant obtained money and property from Plaintiff through means of his material misstatements of fact;

8. The Court further finds that that Defendant acted with the requisite scienter - an intent to deceive, manipulate and defraud Plaintiff in obtaining money and property from Plaintiff;

9. The Court further finds that as a direct and proximate result of Defendant's violation of Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, Plaintiff is entitled to receive actual damages in the amount of One Hundred and 00/100 ($100/00) Dollars representing the amount of Plaintiff's investment placed with Defendant;

10. The Court further finds that Plaintiff has proven the elements of common law fraud in Illinois by clear and convincing evidence. Plaintiff has met the heightened pleading standard attributable to common law fraud causes of action. See, Trustees of AFTRA Health Fund v. Biondi, 303 F.3d 765, 777 (7th Cir. 2002) (citing Schrager v. North Community Bank, 767 N.E.2d 376, 381-82 (Ill. Ct. App. 2002));

11. The Court further finds that punitive damages are available when common law fraud is proven by clear and convincing evidence. See, Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011);

12. The Court further finds that Plaintiff is entitled to punitive damages in the amount of Three Hundred and 00/100 ($300/00) Dollars; and

13. For the foregoing reasons, the Court finds in favor of Plaintiff and enters judgment against Defendant Juvane Bryan Spence a/k/a Julian Spence on Counts I and II of the Complaint in the amount of Four Hundred and 00/100 ($400/00) Dollars, plus costs.

ENTERED:

2/19/19

_____
Jorge L. Alonso
United States District Judge